IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

BRIAN BACON,

                Plaintiff,

                                  Civ. Action No.
                                  9:01-CV-1688 (DEP)

vs.

UNITED STATES,

                Defendant.

_____

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF:

BOIES, SCHILLER LAW FIRM      ADAM R. SHAW, ESQ.
10 North Pearl Street
4th Floor
Albany, NY 12207

FOR DEFENDANT:

HON. GLENN S. SUDDABY        WILLIAM F. LARKIN, ESQ.
Office of the U.S. Attorney        Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently before the court in connection with this action, which is trial ready, is an issue regarding whether the plaintiff, a federal prison inmate who is not scheduled for release until June 25, 2010, should be permitted to be present at his trial and, if so, at whose expense.[1] The parties have submitted letter briefs addressing the issue, and the court entertained oral argument on March 1, 2007, at which time a verbal ruling was issued with regard to the matter.

To summarize the court's ruling, I initially found that as a civil litigant, the plaintiff does not have an absolute right, under the United States Constitution or otherwise, to be present at his civil trial, and that in this instance 28 U.S.C. § 394, which allows parties to "plead and manage their own causes" must of necessity yield to other countervailing considerations; as other courts have observed, that section must "be modified in its application to prisoners . . . and may be circumscribed as to prisoners where reasonable necessity dictates." *See*, *e.g.*, *Price v. Johnston*, 334 U.S. 266, 285-86, 68 S. Ct. 1049, 1060 (1948), *overruled*

---

[1] This matter is before me based on consent of the parties to Magistrate Judge Gustave J. DiBianco's jurisdiction, pursuant to 28 U.S.C. § 636(c), and Judge DiBianco's subsequent recusal in the case. Dkt. Nos. 13, 57.

*on other grounds by McCleskey v. Zant*, 499 U.S. 467, 111 S. Ct. 1454 (1991); *see also Hernandez v. Whiting,* 881 F.2d 768, 771 (9th Cir. 1989) ("A prisoner . . . cannot demand to be present at any stage in the development of his civil case[.]").

The fact that the plaintiff cannot be present at his own trial unquestionably presents a significant handicap in the prosecution of his claims, notwithstanding that the court has assigned counsel to represent him in this matter, *pro bono*. The court simply is not positioned, however, to defray the expense associated with bringing the plaintiff to trial to testify and participate in his trial. And, while the plaintiff has been granted *in forma pauperis* status, the cost of transporting him to court for purposes of his litigation falls outside of the scope of 28 U.S.C. § 1915. *Manning v. Tefft,* 839 F. Supp. 126, 129 (D.R.I. 1994) (citing *Beard v. Stephens*, 372 F.2d 685, 690 (5th Cir. 1967)).

In the event that the plaintiff desires to be physically present for his trial, his options are limited. As I noted during the course of the March 1, 2007 hearing, plaintiff may choose to defer prosecution of his claims until his release, provided that defendant does not object and the court finds no undue prejudice to the defendant in sanctioning such a delay. *See Stone*

*v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976). Alternatively, plaintiff may advance the estimated expenses associated with transportation here by the United States Marshal.[2]

The court has ordered, as an alternative, that in the event plaintiff does not desire to exercise either of these options, the trial proceed in his absence, but with his counsel present, and that notwithstanding the dictates of Rule 43(a) of the Federal Rules of Civil Procedure, that his testimony be presented by use of deposition testimony taken at the facility in which the plaintiff is confined.[3] The court has also directed, and authorized as a *pro bono* expenditure the cost of, preservation of the

---

[2] It is the United States Marshal's Service that is vested with the exclusive authority to transport federal prisoners and execute lawful writs and court orders. *See* 28 C.F.R. §§ 0.111(b), (j) and (k). As such, the court does not appear to possess the authority to direct the Bureau of Prisons ("BOP") to produce the plaintiff.

[3] Rule 43(a) provides, in pertinent part

> [i]n every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise. The court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43. The court has rejected as not viable, both technologically and otherwise, the prospect of having the plaintiff participate in the trial by videoconferencing.

plaintiff's testimony by videotaped deposition, as well as that of any other prison inmates who are potential witnesses, for use at trial.  *See* Advisory Committee Notes to Rule 43(a).  In the event this option is exercised by the plaintiff, the court will make every effort, to the extent practicable, to provide a live audio link during the trial so that the plaintiff can contemporaneously monitor the trial and confer at appropriate intervals with his counsel.

The court has scheduled a telephone conference in this matter for May 31, 2007 at 3:30 pm to discuss the final details in connection with the case, set a trial date, and establish a deadline for the filing of pretrial submissions.  During that conference the parties should be prepared to discuss further the logistics associated with the trial of this matter, and defendant's counsel is requested to confer with representatives of the BOP to determine the capabilities for a contemporaneous audio feed from the facility in which the plaintiff is currently confined.

It is hereby SO ORDERED.

Dated:   March 13, 2007
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge